**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**MEWBOURNE OIL COMPANY,**

     **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**No. 2:24-cv-00861-SMD-GJF**

**NORTH FORK OPERATING, L.P.,**

     **Defendant.**

### <u>ORDER ON MOTION TO REMAND</u>

THIS MATTER is before the Court on Plaintiff Mewbourne Oil Company's ("Mewbourne") Motion to Remand (Doc. 9). Also before the Court are Defendant North Fork Operating, L.P.'s ("North Fork") Motion for Leave to File Amended Answer (Doc. 20) and Motion to Consolidate Cases (Doc. 21). The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons below, Plaintiff's Motion to Remand is granted.

### BACKGROUND

This case arises out of well sites owned and operated by the parties in Lea County, New Mexico. In November 2022, North Fork acquired and began to operate the Toro Well. Mewbourne alleges that North Fork failed to report to the New Mexico Oil Conservation Division certain information related to the geological zone where the Toro Well was completed. In 2023, in reliance on the information North Fork reported to the New Mexico Oil Conservation Division, Mewbourne drilled and completed the Charolais Wells, two horizontal wells adjacent to the Toro Well. Mewbourne began operating the Charolais Wells in late June 2023 and observed fluid leaking from the Toro Well in early July 2023. After North Fork declined to address the fluid,

Mewbourne took steps to secure the Toro Well and clean up the liquid that had escaped. Mewbourne alleges it incurred significant expenses responding to the spill.

Mewbourne filed suit against North Fork in the 5th Judicial District Court, Lea County, for negligence, negligence per se, and violation of the New Mexico Oil & Gas Act. On August 28, 2024, North Fork removed the action to federal court.

North Fork's Notice of Removal. North Fork asserts the following facts in its Notice of Removal. *See* Doc. 1. On June 28, 2024, Mewbourne filed its initial complaint against North Fork in the 5th Judicial District Court, Lea County. *Id.* ¶ 1. On July 16, 2024, Mewbourne filed its Amended Complaint. *Id.* On July 16, 2024, North Fork was served with copies of the summons and amended complaint. *Id.* ¶ 6. "The Amended Complaint made the case removable." *Id.* Mewbourne "seeks actual damages and interest under the Oil and Gas Act, plus attorneys' fees and costs in excess of $75,000.00." *Id.* ¶ 9. Mewbourne is a Delaware corporation with its principal place of business in Texas. *Id.* ¶ 15. North Fork is an Oklahoma limited partnership with its principal place of business in Oklahoma, and its general partners are residents of Florida. *Id.* ¶ 16.

Mewbourne's Motion to Remand. On September 24, 2024, Mewbourne moved to remand on two grounds. First, Mewbourne challenges the timeliness of removal. Mewbourne asserts that North Fork was served with Mewbourne's initial state court pleading no later than July 10, 2024, and therefore the time to remove expired on August 10, 2024. Doc. 9 at 7–9. Second, Mewbourne argues that North Fork failed to establish diversity of citizenship because the Notice of Removal does not contain any factual allegations regarding the citizenship of the parties. *Id.* at 9.

Mewbourne attaches to its Motion return receipts showing the Complaint, Amended Complaint, and summons were delivered to Douglas Lunsford, North Fork's registered agent, by

certified mail.  *See* Doc. 9-2.  According to the receipts, the Complaint was mailed to North Fork c/o Douglas Lumsford on July 2, 2024, and counsel for Mewbourne received the return receipt on July on July 10, 2024 (*id.* at 4–13); and the Amended Complaint was mailed to North Fork c/o Douglas Lumsford on July 16, 2024, and counsel for Mewbourne received the return receipt on July 25, 2024 (*id.* at 14–28).

North Fork's Response.  In its response, North Fork asserts that removal was timely because Mewbourne "did not formally serve" North Fork.  *See* Doc. 18 at 9–10.  North Fork argues that under Rule 1-004 of the New Mexico Rules of Civil Procedure, Mewbourne was required to serve North Fork's general partner, but the return receipts attached to Mewbourne's Motion to Remand only show that the Complaint and Amended Complaint were mailed to North Fork's registered agent in New Mexico, and that the receipts were signed by someone other than Douglas Lumsford.  *Id.* at 10.  North Fork also contends that complete jurisdiction exists between the parties, even if its allegations were deficient.  *See id.* at 11.

North Fork's Amended Notice of Removal.  On October 8, 2024, North Fork filed an Amended Notice of Removal.  Doc. 22.  The Amended Notice asserts that North Fork "has not been served with copies of the Summons, Complaint, or Amended Complaint," and therefore removal is timely.  *Id.* ¶ 7.  The Amended Notice also added new allegations regarding citizenship. Specifically, Mewbourne is a citizen of Delaware and Texas, the general partner of North Fork is a limited liability company organized under the laws of Oklahoma, with its principal place of business in Oklahoma, and North Fork's limited partners are two trusts, the trustees of which are citizens of Florida.  *Id.* ¶¶ 15–21.

Mewbourne's Reply.  In its reply, Mewbourne counters that North Fork may not add "completely new grounds for removal" in an amended notice.  *See* Doc. 23 at 3.  Mewbourne also

3

disputes North Fork's reading of Rule 1-004, and argues that mailing service to the general partner is permitted but not required. *Id.* at 7. Mewbourne argues that service on the registered agent was proper, pointing to NMSA § 54-2A-114(B), which requires foreign limited partnerships to maintain an agent for service of process. *Id.* at 5–6. Mewbourne further states that the return receipts were signed by Steve Bayes, an employee of the law firm where Mr. Lumsford is a partner, and that Mr. Bayes was authorized to accept mailed service on behalf of the lawyers working at the firm. *Id.* at 8.

**LEGAL STANDARD**

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A notice of removal must be filed within thirty days after receipt by the defendant of a copy of a pleading or other paper from which it may first be ascertained that the case is one which is removable. 28 U.S.C. § 1446(b).

Federal courts are courts of limited jurisdiction; thus, there is a presumption against removal jurisdiction, which the defendant seeking removal must overcome. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of the federal courts' constitutional role as limited tribunals. *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094–95 (10th Cir. 2005). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). All doubts are to be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

4

## DISCUSSION

In its Notice of Removal, North Fork represented to the Court that "NFO was served with copies of the Summons and Amended Complaint on July 16, 2024" and that "[t]he Amended Complaint made the case removable."[1]  Doc. 1 ¶ 6.  Once Mewbourne challenged the timeliness of removal, North Fork adopted a contradictory position and argued that it had never been served with the state court action.  *See* Doc. 18.

Based on the date of service alleged in the Notice of Removal, North Fork had until August 15, 2024 to remove to federal court and to amend its Notice of Removal.  Once the time for amendment elapsed, North Fork was left with the statements made in its initial Notice of Removal. While district courts may grant leave to amend a notice of removal outside of the 30-day period to allege specific removal grounds imperfectly stated in the original notice, that authority stems from 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended[.]" The additional citizenship allegations in North Fork's Amended Notice, for example, could be considered an attempt to "clarify facts that were originally omitted."[2]  The initial Notice of Removal stated that Mewbourne was a Delaware corporation with its principal place of business in Texas, that North Fork was an Oklahoma limited partnership with its principal place of business in Oklahoma, and that North Fork's general partners were residents of Florida.  Doc. 1 ¶¶ 15–16. North Fork supplements these allegations in the Amended Notice by stating that Mewbourne is a citizen of Delaware and Texas, that the general partner of North Fork has its principal place of

---

[1] Mewbourne asserts that the Amended Complaint merely corrects a typographical error in its initial Complaint. North Fork has not identified any allegations specific to the Amended Complaint that gave rise to diversity jurisdiction, but asserts that it never received Mewbourne's initial Complaint.

[2] *But see Muhlenbeck v. KI, LLC*, 304 F. Supp. 2d 797 (E.D. Va. 2004) (denying leave to amend where defendant failed to allege its own citizenship in initial notice of removal); *Castle v. Laurel Creek Co., Inc.*, 848 F. Supp. 62 (S.D.W.V. 1994) (denying leave to amend allegations to include fraudulent joinder).

business in Oklahoma, and that the limited partners of North Fork are trusts with trustees who are citizens of Florida.  Doc. 22 ¶¶ 15–21.  However, North Fork's allegations regarding service and the date the state court action became removable cannot be considered jurisdictional, as the 30-day period to remove is a procedural requirement imposed by § 1446.  *See, e.g.*, *Hoist & Crane Servs. Grp. Inc. v. Rogers*, No. 3:20-cv-00632-MOC-DSC, 2020 WL 7407908, at *3 (W.D.N.C. Dec. 17, 2020) (denying leave to amend allegations relating to forum defendant rule); *Alexander v. Goldome Credit Corp.*, 772 F. Supp. 1217, 1221 (M.D. Ala. 1991) (denying leave to amend to reflect consent of all defendants).

Nor can North Fork's allegations regarding service be considered a technical defect.  In *Garcia v. Martinez*, for example, the district court granted leave to amend a notice of removal to "cure technical defects" and "clarify facts that were originally omitted."  414 F. Supp. 3d 1348, 1354–55 (D.N.M. 2019).  The initial notice of removal in *Garcia* stated that removal was timely upon information and belief, as documentation of service on one of the defendants did not include a dated return receipt.  *Id.* at 1352.  The defendants later sought to amend the notice to confirm their compliance with the 30-day window to remove.  *Id.* at 1355.  The court allowed defendants leave to amend, reasoning that this was "not [] a new allegation but instead [] an explanation for their original, albeit vague, assertion that the thirty-day clock had not run before removal."  *Id.* Unlike the removing defendant in *Garcia*, North Fork gave no indication in its initial Notice of Removal that it "assumed its filing may have been untimely because [it] lacked information showing that Mewbourne did not serve North Fork."  *See* Doc. 18 at 13–14.  North Fork does not

6

identify any examples where a defendant amended and directly contradicted the factual assertions in a notice of removal.[3]

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. Defendants' Motion for Leave to File Amended Answer (Doc. 20) and Motion to Consolidate Cases (Doc. 21) are denied as moot. This case is REMANDED to the 5th Judicial District Court, Lea County.

IT IS SO ORDERED.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**

---

[3] The Court notes that, while North Fork challenges both the July 2, 2024 and July 16, 2024 mailings (showing July 10, 2024 and July 25, 2024 return receipts, respectively) attached to Mewbourne's Motion to Remand, neither North Fork's response nor its Amended Notice explain why it initially asserted that it was served on July 16, 2024. Unlike the removing defendant in *Garcia v. Martinez*, North Fork's purported unawareness regarding service did not relate to service on another defendant.